**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-16151 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-00244-DGC |
| v. | |
| $79,010 IN U.S. CURRENCY, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| QUEZON S. GRAY, | |
| Claimant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument and, therefore, denies Gray's request for oral argument made in his opening brief.  *See* Fed. R. App. P. 34(a)(2).

Quezon S. Gray appeals pro se from the district court's summary judgment in a civil forfeiture action under 21 U.S.C. § 881(a)(6) for $79,010 in U.S. currency that officers seized from a hidden compartment of a trailer attached to a truck driven by Gray. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012), and we affirm.

The undisputed evidence submitted by the government established, by a preponderance of the evidence, a substantial connection between the seized currency and illegal drug activity, and thus was sufficient to satisfy the government's burden of proof. *See* 18 U.S.C. § 983(c); *United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1216-17 (9th Cir. 2001) (stating that the claimant's conflicting statements and inability to answer simple questions supported an inference that the money was drug-related and that a prior conviction for drug trafficking provided the necessary link between the incriminating circumstances and illegal drugs); *United States v. $129,727.00 in U.S. Currency*, 129 F.3d 486, 491 (9th Cir. 1997) (stating that the distinctive manner in which the currency was wrapped in fabric softener sheets and plastic wrap provided the requisite nexus to drugs); *United States v. $29,959.00 in U.S. Currency*, 931 F.2d

549, 553 (9th Cir. 1991) (stating that carrying a large sum of cash is "strong evidence" of a connection to illegal drug activity).

Moreover, viewing the evidence in the light most favorable to Gray, he failed to present sufficient plausible evidence to establish, by a preponderance of the evidence, his innocent ownership of the seized currency, *see* 18 U.S.C. § 983(d), or to "create[] a genuine issue of material fact requiring a trial," *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 984 (9th Cir. 2002). Because no reasonable person could return a verdict for Gray based on the evidence presented, the district court properly granted summary judgment in favor of the government. *See $42,500.00*, 283 F.3d at 983-84; *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

**AFFIRMED.**